# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0265** (Berkeley County 11-F-241)

**Joshua L. Stitley,**
**Defendant Below, Petitioner**

**FILED**

November 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joshua L. Stitley, by counsel S. Andrew Arnold, appeals the order of the Circuit Court of Berkeley County, entered January 31, 2014, that sentenced him to prison following his conviction by guilty plea of felony murder, robbery in the first degree, attempted murder, and malicious assault. Respondent State of West Virginia, by counsel Cheryl Saville, filed a response in support of the circuit court's order. Petitioner appeals his sentences for felony murder and robbery in the first degree on the ground that they were harsher than the sentences imposed upon his codefendant for the same two crimes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Late on the evening of May 26, 2011, petitioner and his codefendant, Roy Wisotzkey, traveled to the home of petitioner's stepfather and mother, Jack and Vickie Clem, with the intent to commit burglary. The men were armed with a knife and the codefendant's baseball bat and decorative sword. The men entered the home without permission where they were confronted by Mr. Clem. During the confrontation, petitioner struck Mr. Clem on the head with the baseball bat and then stabbed him in the groin with the knife. Mr. Clem fell into a bathroom where he shut and barricaded the door. While petitioner was fighting with Mr. Clem, his codefendant struck Mrs. Clem on the head with the baseball bat. One or both men then followed Mrs. Clem into her bedroom where she was struck on the head with the baseball bat at least seven more times and stabbed twice in the chest. Mrs. Clem died that night as a result of her injuries.

Following the attack, petitioner and his codefendant remained in the Clems's residence and consumed drugs and alcohol. At one point, petitioner left the home to withdraw money from Mrs. Clem's bank account using her ATM card; he then returned to the Clems's home. Eventually, both men fell asleep in the home's living room. While they slept, Mr. Clem escaped from his home. Early the next morning, petitioner and the codefendant awoke, removed various

1

objects of the Clems's personal property from the house, and fled the scene. However, they were soon apprehended by law enforcement.

On October 20, 2011, petitioner and his codefendant were jointly indicted for the following crimes: Count 1, murder in violation of West Virginia Code § 61-2-1 (Mrs. Clem); Count 2, felony murder in violation of West Virginia Code § 61-2-1 (the underlying crime was the commission/attempt to commit robbery); Count 3, robbery in the first degree in violation of West Virginia Code § 61-2-12(a) (Mrs. Clem); Court 4, robbery in the first degree in violation of West Virginia Code § 61-2-12(a) (Mr. Clem); Count 5, conspiracy to commit robbery in violation of West Virginia Code § 61-10-31; Count 6, burglary in violation of West Virginia Code § 61-3-11(a); Count 7, attempted murder in violation of West Virginia Code § 61-11-8 (Mr. Clem); Count 8, malicious assault in violation of West Virginia Code § 61-2-9(a) (Mr. Clem); Count 9, assault during the commission of a felony in violation of West Virginia Code § 61-2-10 (Mr. Clem); and Count Ten, assault during the commission of a felony in violation of West Virginia Code § 61-2-10 (Mrs. Clem). Additionally, petitioner was individually indicted on one count of fleeing in a vehicle while DUI from a law enforcement officer in violation of West Virginia Code § 61-5-17(j), and one count of fraudulent use of an access device in violation of West Virginia Code § 61-3C-13(c).

At a July 20, 2013, pre-trial hearing, the trial court granted petitioner and the codefendant's motion to sever their trials. The State elected to try the codefendant first.

The codefendant's trial began on July 31, 2013. On August 7, 2013, the jury found the codefendant guilty of felony murder based on the underlying robbery of Mrs. Clem; robbery in the first degree of Mr. Clem; conspiracy to commit robbery; and burglary. The codefendant was thereafter sentenced to life in prison with the possibility of parole for felony murder and *fifty* years in prison for robbery in the first degree. The trial court ordered that those sentences be served *concurrently*. The codefendant was also sentenced to not less than one nor more than fifteen years in the prison for his burglary conviction and not less than one nor more than five years in prison for his felony conspiracy conviction. The sentences for burglary and felony conspiracy were to run concurrently with one another, but consecutive to the sentences for felony murder and robbery.

On October 21, 2013, petitioner pled guilty to felony murder, robbery in the first degree, attempted murder, and malicious assault. In exchange for his guilty plea, the State dismissed the remaining counts of the indictment and made the following recommendations in regard to sentencing: life in prison with the possibility of parole for the felony murder conviction, *fifty* years in prison for the robbery in the first degree conviction, not less than three nor more than fifteen years in prison on the attempted murder count, and not less than two nor more than ten years in prison on the malicious assault count. The State also suggested that all four sentences run *consecutively*.

By order entered January 31, 2013, the trial court sentenced petitioner to *sixty* years in prison on the robbery in the first degree count, as opposed to the *fifty* years recommended by the State and imposed upon petitioner's codefendant for the same crime. Second, the trial court ordered that petitioner's sentence for felony murder and robbery in the first degree run

2

*consecutively*, instead of *concurrently* as the circuit court imposed upon petitioner's codefendant for the same crimes.

Petitioner now appeals the trial court's January 31, 2013, sentencing order.

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997); Syl. Pt. 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982); Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

Petitioner's sole assignment of error on appeal is that the circuit court abused its discretion when it imposed a harsher sentence upon petitioner for his conviction for felony murder and robbery in the first degree than it imposed upon his codefendant for the same crimes. Petitioner argues that he and his codefendant were similarly situated and equally culpable because both men conspired to commit the crimes, both entered the home with the intent to rob the victims, and both participated in the physical assaults. Petitioner also points out that while his codefendant refused to accept responsibility for the crimes and proceeded to trial, he expressed great remorse over the death of his mother and chose to plead guilty rather than have his family suffer through further criminal proceedings.

In his brief on appeal, petitioner concedes that the circuit court imposed sentences that were within statutory limits and not based upon impermissible factors. Further, petitioner does not argue that his sentence was disproportionate to his crimes, but instead avers that his sentence was disparate to that of his codefendant. In regard to disparate sentences, we have said,

> [d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transactions (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Syl. Pt. 2, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984).

The record on appeal in this case demonstrates that petitioner and his codefendant were not similarly situated with regard to the crimes committed. Here, petitioner instigated and planned the crimes; the victims were his mother and stepfather; petitioner recruited the codefendant for the crimes because the codefendant was large and imposing; petitioner drove the codefendant to the Clems's home; petitioner struck his step-father in the head with a baseball bat and stabbed him in the groin with a knife; petitioner urged the codefendant to "help him" with the attack; petitioner either participated in, or failed to stop, the murder of his mother; petitioner stole money and credit cards from the victims and withdrew money from his mother's bank account using her bank card; and, petitioner thereafter returned to the home and consumed

3

alcohol and drugs while his mother lay dead in her bedroom and his stepfather was trapped in the bathroom bleeding from the knife wound.

Based on this record and in light of our holding in *Buck*, we do not find that the circuit court erred in its sentencing of petitioner because petitioner and his codefendant were not similarly situated with regard to the crimes at issue in this appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 3, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4